# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| DON ANDERSON,       ] | |
|         ] | |
|    Plaintiff,      ] | |
|         ] | |
| v.         ] | CIVIL ACTION NO.: |
|         ] | 1:12-CV-3011-VEH |
| EXPRESSMART,      ] | |
|         ] | |
|    Defendant.     ] | |

## MEMORANDUM OPINION

## I.    Introduction and Procedural History

Plaintiff Don Anderson ("Mr. Anderson") initiated this Electronic Fund Transfer Act ("EFTA") case against Defendant Expressmart on September 19, 2012, individually and on behalf of all others similarly situated. (Doc. 1 at 1). The court file reflects that service of the summons and complaint was perfected on Expressmart on October 11, 2012. (Doc. 5 at 3).

On November 13, 2012, the clerk entered a default (Doc. 8) due to Expressmart's failure to respond to Mr. Anderson's complaint after being duly served. (*Id.* at 1). Pending before the court is a Motion for Default Judgment as to Defendant Expressmart (the "Motion") (Doc. 9) filed by Mr. Anderson on November 14, 2012. The Motion seeks to have a default judgment entered by the court in favor of Plaintiff and set "a separate hearing to determine the actual damages, punitive

damages and other relief due Plaintiff."[1]  (*Id.* at 2).

On November 28, 2012, the court entered an order (Doc. 10), requiring Expressmart to show cause no later than December 7, 2012, why the Motion should not be granted.  The clerk sent this show cause order to Mr. Busby via regular and certified mail on October 11, 2012. (*See* CM/ECF margin entry dated Nov. 28, 2012). This show cause deadline has passed, and no response to the order has been filed by Expressmart.

## II.    Standard on Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).  However, entry of default under Rule 55(a) does not entitle a party to his requested relief.  Either the clerk or the court must enter a default judgment under Rule 55(b).  Here, the court, and not the clerk, acts pursuant to Rule 55(b)(2).

Generally, the entry of a default judgment is committed to the discretion of the

---

[1]  Mr. Anderson has demanded a jury trial. (Doc. 1 at 11).  The EFTA indicates that a court, and not a jury, is responsible for determining any award of damages.  *See* 15 U.S.C. § 1693m(b) ("In determining the amount of liability in any action under subsection (a) of this section, the court shall consider . . . .") (emphasis added).  The EFTA also does not identify punitive damages as an item recoverable by either an individual plaintiff or a class.

district judge. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).[2] The factual allegations of a well-pleaded complaint are taken as true; hence, the court must decide if these accepted facts state a cause of action for which relief can be granted. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1987); *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered.") (footnote omitted); *Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) (same). When the amount of damages due is uncertain, an evidentiary hearing is often required to determine the sum the defaulting defendant must pay. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005). On the other hand, if a specific sum is sought, a hearing may not be necessary.

As explained by Judge William H. Steele of the United States District Court for the Southern District of Alabama regarding default judgments:

> The law is clear, however, that Lacey's failure to appear and the Clerk's subsequent entry of default against her do not automatically entitle plaintiffs to a default judgment. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports,*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

*Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007) (emphasis added).

## III.   Analysis

The court has reviewed the complaint and it appears that Mr. Anderson has averred sufficient facts that, due to their admission as a result of Expressmart's failure to appear after being duly served, judgment is due to be entered in favor of Mr. Anderson as to EFTA liability.  More specifically, in his complaint, Mr. Anderson alleges that Expressmart "is located at 30 Highway 204 and Highway 431 [in] Wellington, Alabama" and "is an automated teller machine operator" that is covered under the EFTA.  (Doc. 1 ¶¶ 15, 16; *see also id.* ¶ 19).

Mr. Anderson contends that on or about July 11, 2012, he "made a cash withdrawal from [Expressmart's] ATM" and that Expressmart "charged [him] a fee of $2.50 in connection with [that] transaction."  (*Id.* ¶¶ 17, 17(a)).  Mr. Anderson

4

further asserts that at the time of the transaction, he "did not maintain any accounts with [Expressmart]." (*Id.* ¶ 19).

Mr. Anderson also alleges that "there was no notice posted 'on or at' the ATM operated by [Expressmart] apprising consumers that a fee would be charged for use of the ATM." (Doc. 1 ¶ 20). Finally, Mr. Anderson maintains that, because Expressmart "did not post the required notice, it was not permitted to charge a usage fee to [him] and other class members." (*Id.* ¶ 21).

The complaint also contains separate sections on class allegations (Doc. 1 ¶¶ 22-35) and Mr. Anderson's substantive claim under the EFTA. (*Id.* ¶¶ 36-44). Mr. Anderson's requested relief includes an order certifying a class, an award of statutory damages to him and the members of the class, costs of suit, and reasonable attorney's fees. (Doc. 1 at 10-11).

The court finds, based upon the admitted allegations contained in Mr. Anderson's complaint (Doc. 1), that Expressmart is liable to him under the EFTA pursuant to 15 U.S.C. §§ 1693b(d)(3),[3] 1693m.[4] However, the court declines to enter

---

[3]  15 U.S.C. § 1693b(d)(3) addresses "fee disclosures at automated teller machines" and prohibits such charges to consumers unless certain requirements are met.

[4]  15 U.S.C. § 1693m provides in part:

(a) Individual or class action for damages; amount of award

any type of judgment regarding Mr. Anderson's class allegations due to the underdeveloped nature of the record and Mr. Anderson's failure to establish satisfaction of Rule 23's preliminary and procedural requirements.[5] Also, because the damages as presented by Mr. Anderson are not "for a sum certain or a sum that can be made certain by computation," *see* Fed. R. Civ. P. 55(b)(1), the case will be set for

---

> Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of--
>
>> (1) any actual damage sustained by such consumer as a result of such failure;
>>
>> (2)(A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; . . . .
>
> (b) Factors determining amount of award
>
> In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors--
>
>> (1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; . . . .

15 U.S.C. § 1693m(a)-(b).

    [5] In particular, as the movant, Mr. Anderson has not shown how awarding class-wide relief in the context of a default is ever appropriate under Rules 23 and 55.

a bench trial to determine Mr. Anderson's damages only.[6]

## IV.    Conclusion

Accordingly, the Motion is due to be granted with leave for Mr. Anderson to prove his damages at a bench trial.  By separate order, the court will set this case for a bench trial solely on the issue of Mr. Anderson's damages.  The court also will enter a separate order of partial final judgment in favor of Mr. Anderson and against Expressmart under Rule 54(b).

**DONE** and **ORDERED** this 4th day of January, 2013.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

_____

[6]  Although Mr. Anderson has demanded a jury trial in his complaint (Doc. 1 at 11), whether the EFTA actually provides a litigant with a right to a jury trial is not entirely clear to the court.  *See, e.g.*, n.1, *supra*.  In particular, the court has been unable to locate a reported federal court decision that discusses the appropriateness of jury trials *vel non* under the EFTA.  Additionally, in his Motion, Mr. Anderson has requested a hearing on damages as opposed to a jury trial. (Doc. 9 at 2).  Therefore, the court concludes that, under these circumstances, conducting a bench trial on damages is the appropriate course of action.